UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KELLY LABRANCHE URELLA,
    Plaintiff

vs.

**05-40064 FDS**

VERIZON EMPLOYEE BENEFITS
COMMITTEE, CHAIRPERSON OF THE
VERIZON EMPLOYEE BENEFITS COMMITTEE
VERIZON CLAIMS REVIEW COMMITTEE
AETNA LIFE INSURANCE CO. and
METROPOLITAN LIFE INSURANCE
COMPANY,
    Defendants

RECEIPT # 404554
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. _____
DATE 4-15-05

    Now comes the plaintiff, Kelly Labranche Urella, by and through the undersigned counsel and files this Complaint in the above-entitled action. The plaintiff alleges and states as follows:

I. INTRODUCTION:

    This is an action by Kelly Labranche Urella, formerly known as Kelly Labranche, to enforce the terms of a Sickness Disability Benefits policy (hereinafter "the policy") provided to her by her employer, Verizon Communications, Inc./Verizon New England, Inc. (hereinafter "Verizon"). The defendants, the Verizon Employee Benefits Committee, Chairperson of the Verizon Employee Benefits Committee (hereinafter "VEB") as Plan Administrator, the Verizon Claims Review Committee (hereinafter "VCRC") as Claims

Administrator, Aetna Life Insurance Co., (hereinafter "Aetna") as Benefits Administrator, and Metropolitan Life Insurance Company, as successor Benefits Administrator, refused payment of Sickness Disability Benefits. Although the plaintiff was disabled from April 15, 2002 to June 17, 2002, as evidenced by the opinions of William Gaines, M.D. and Karen M. Fleming, MS,NP, the plaintiff's treating medical providers.

The plaintiff has made repeated demands upon the defendants to pay Sickness Disability Benefits under the terms of the policy and said requests have been denied. The VCRC in its letter of August 18, 2003, issued a final denial of the claim and states "since this appeal has been denied, you have a right to bring a civil action under Section 502(a) of ERISA", thus essentially terminating its review process.

II. THE PARTIES:

The plaintiff is an individual who resides in Worcester in the County of Worcester, Massachusetts.

The defendant, Verizon Employees Benefits Committee has a principal place of business at 100 Half Day Road in Lincolnshire, IL.

The defendant, Chairperson of the Verizon Employee Benefits Committee has a principal place of business at 100 Half Day Road in Lincolnshire, IL.

The defendant, Verizon Claims Review Committee has a principal place of business at 100 Half Day Road in Lincolnshire, IL.

The defendant, Aetna Life Insurance Co. has a principal place of business at 151 Farmington Avenue in Hartford, CT.

The defendant, Metropolitan Life Insurance Company, has a place of business at 2025 Leestown Road, Suite A-2, Lexington KY.

III. THE COMPLAINT:

A. The plaintiff has been employed by Verizon Communications, Inc./Verizon of New England, Inc., since May 24, 1993.

B. In approximately 1997, the plaintiff developed a psychiatric illness and was diagnosed as suffering from an anxiety and depression disorder.

C. The symptoms of this illness impaired the plaintiff's ability to perform her work as an Administrative Assistant. As a result of this, the plaintiff became totally disabled and was absent from work from May 22, 2000 to June 1, 2000 and from September 19, 2001 to September 28, 2001. The plaintiff made a claim for Sickness Disability Benefits pursuant to the Verizon Disability Benefits Plan (hereinafter " the Plan"). Aetna, the then Plan Benefits Administrator, approved those claims and the plaintiff received benefits for both periods of disability.

D. The plaintiff's symptoms worsened again to the point that she stopped working and was unable to perform the material duties of her occupation as an Administrative Assistant from April 15, 2002 to June 17, 2002.

E. The plaintiff received treatment for her condition at that time at the Fallon Clinic in Worcester, Massachusetts from Dr. William Gaines, Karen Fleming, a Nurse Practitioner, and counseling from Sandra Chiancolea, a Licensed Clinical Social Worker.

F. The plaintiff was diagnosed as suffering from a Subacute Stress Disorder and Acute Situational Anxiety. As a result of those conditions, the plaintiff suffered a variety of symptoms to include racing thoughts, prolonged periods of extreme emotions during which she would be tearful and diminished short-term memory. Further she suffered from multiple daily panic attacks and heart palpitations. As a result of these symptoms, the plaintiff was unable to perform the material duties of her occupation as an Administrative Assistant to include but not limited to tasks requiring reading comprehension, the ability to write, the ability to analyze data and information, the ability to identify problems and to engage in problem solving. She was also impaired in terms of her ability to perform computer work as well as to document and record information. She was unable to act or communicate with others for a prolonged period of time.

G. The plaintiff was prescribed Wellbutrin and Alprazalam in an effort to control her symptoms. This medication caused the plaintiff to experience side effects to include dizzy spells and extreme drowsiness. These side effects combined with the symptoms of her psychiatric disorder would cause her to be disabled from performing the material duties of her occupation as noted in paragraph "F" above.

H. The plaintiff, as a result of her psychiatric illness, was disabled from performing the material duties of her occupation as an Administrative Assistant from April 15, 2002 to June 17, 2002.

I. Subsequent to the onset of her disability, the plaintiff submitted a claim through her employer to Aetna, the Benefits Administrator, as specified by the terms of the policy.

J. The Verizon Sickness Disability Plan states on page 7 of the policy "all employees whose term of employment with the employing company is Six (6) or more months shall become participants in the Sickness Disability Benefit portions of the Plan and be qualified to receive payments under the Plan on account of physical disability to work by reason of sickness".

K. Aetna, as Benefits Administrator, in its notice to the plaintiff of January 22, 2003, defines disability from work as the inability "... solely because of disease or injury to perform the material duties of her own occupation. Material duties refer to those duties, both physical and cognitive, that are normally required for the performance of a particular occupation".

L. The plaintiff alleges that the defendants have unfairly denied her claim and have failed to pay benefits to which she is entitled under the policy based on an improper determination that she is able to work and thus not disabled. The plaintiff states that she has submitted substantial proof of disability to defendants which should be satisfactory to meet the standard of disability set forth in the policy.

M. The plaintiff states that she suffers from significant medical conditions which caused her to become disabled as defined by the policy.

N. The plaintiff alleges that she has been denied benefits to which she is entitled under the contract of insurance purchased as a benefit for her by her employer, and that the defendants have violated the provisions of ERISA in that this claim sounds in ERISA under 29 U.S.C. 1132 (a)(1)(b), as well as other sections of that Act.

IV.  JURISDICTION:

The United States District Court has original jurisdiction of this action pursuant to 29 U.S.C. 1132(e).

WHEREFORE, the plaintiff demands judgment against the defendants as follows:

1. That pursuant to the provisions of ERISA to include but not limited to 29 U.S.C. 1132 (a)( 1 )(b), this Court order the defendants to pay all benefits due to the plaintiff under the contract of insurance purchased on her behalf by her employer.

2. That pursuant to the provisions of ERISA to include but not limited to 29 U.S.C. 1132 (g)(l), that this Court award plaintiff her costs and reasonable attorney's fees.

3. That this Court order such other further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED,

John K. McGuire, Jr.
McGuire & McGuire
45 Linden Street
Worcester MA  01609
(508)754-3291
BBO#335020

05-40064

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _KELLY LABRANCHE URELLA VS. VERIZON ET AL_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [xx]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _John K. McGuire, Jr._
ADDRESS _45 Linden St. Worcester Ma 01609_
TELEPHONE NO. _(508)754-3291_

(CategoryForm.wpd - 2/15/05)

**\*\*REVIEW COMMITTEE, AETNA LIFE INSURANCE CO., METROPOLITAN LIFE INSURANCE COMPANY**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET  05-40064

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KELLY LABRANCHE URELLA

(b) County of Residence of First Listed Plaintiff: **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) **(508)754-3291**
John K McGuire, Jr. McGuire & McGuire
45 Linden St. Worcester MA 01609

## DEFENDANTS
VERIZON EMPLOYEE BENEFITS COMMITTEE, CHAIRPERSON OF VERIZON BENEFITS COMMITTEE, VERIZON CLAIMS

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒☒☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: **claim for short term disability benefits**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: **4-15-05**
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____