UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
KELLY LABRANCHE URELLA,             )
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )   Civil Action No. 05-40064FDS
VERIZON EMPLOYEE BENEFITS           )
COMMITTEE, CHAIRPERSON OF THE       )
VERIZON EMPLOYEE BENEFITS           )
COMMITTEE, VERIZON CLAIMS           )
REVIEW COMMITTEE, AETNA LIFE        )
INSURANCE CO. and METROPOLITAN      )
LIFE INSURANCE COMPANY,             )
                                    )
            Defendants.             )
_____)

**ANSWER OF THE DEFENDANTS VERIZON EMPLOYEE BENEFITS, COMMITTEE, CHAIRPERSON OF THE VERIZON EMPLOYEE BENEFITS, COMMITTEE, VERIZON CLAIMS, REVIEW COMMITTEE TO THE <u>PLAINTIFF'S COMPLAINT</u>**

Defendants object to the Plaintiff's Complaint on the grounds that it fails to comply with Rule 8 of the Federal Rules of Civil Procedure in that it fails to set forth the Plaintiff's factual allegations in consecutive numbered paragraphs.

I.    INTRODUCTION:

The Defendants admit that Kelly Labranche Urella was denied Sickness Disability Benefits. The Defendants deny that the Plaintiff was disabled from April 15, 2002 to June 17, 2002 or that the letters of Plaintiff's medical providers, unsupported by medical records or other treatment records, support Plaintiff's position that she was disabled from work.

The Defendants admit that on August 18, 2003, the Verizon Claims Review Committee issued a final denial of the claim and advised the Plaintiff that "[s]ince this appeal has been denied, you have a right to bring a civil action under Section 502(a) of ERISA.

II.   THE PARTIES:

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiff's residence.

The Defendants admit that the Verizon Employee Benefits Committee and the Verizon Claims Review Committee had an address care of 100 Half Day Road in Lincolnshire, IL.

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Aetna Life Insurance Co.'s principal place of business.

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Metropolitan Life Insurance Company's principal place of business.

III.   THE COMPLAINT:

A.   The Defendants admit that the Plaintiff has been employed by Verizon Communications, Inc./Verizon of New England, Inc., since May 24, 1993.

B.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's psychiatric illness in 1997.

C.   The Defendants are unable to confirm or deny the Plaintiff's allegations at this time. Therefore, the Defendants call upon the Plaintiff to prove the same. The

Defendants are attempting to investigate the Plaintiff's allegations about her prior disability claims to Aetna in 2000 and 2001, which are not the subject of this lawsuit. Defendants will provide an amended Answer to paragraph C if that information is located.

    D.    The Defendants admit that the Plaintiff was out of work from on or about April 12, 2002 to on or about June 19, 2002. The Defendants deny that Plaintiff was unable to perform the material duties of her occupation as an Administrative Assistant.

    E.    The Defendants admit that on diverse dates and times the Plaintiff received treatment from Dr. William Gaines, Karen Fleming, a nurse practitioner, and counseling from Sandra Chiancolea, a social worker.

    F.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's diagnosis and symptoms as Plaintiff failed to provide the Defendants with medical evidence to substantiate her alleged disability.

    G.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's symptoms or side effects from medications allegedly proscribed as Plaintiff failed to provide the Defendants with medical evidence to substantiate her alleged disability.

    H.    The Defendants deny that Plaintiff was disabled from performing the material duties of her occupation as an Administrative Assistant.

    I.    The Defendants admit that the Plaintiff submitted a claim through Verizon to Aetna under the Verizon Sickness Disability Benefits Plan.

      J.      The Defendants admit that the Verizon Sickness Disability Plan, p. 7, is accurately stated (in part) in paragraph J of the Plaintiff's Complaint.

      K.      The Defendants admit that Aetna's notice to the Plaintiff of January 22, 2003 states, in part, that "to qualify for disability benefits Ms. Labranche must be unable, solely because of disease or injury, to perform the material duties of her own occupation. Material duties refer to those duties, both physical and cognitive, that are normally required for the performance of a particular occupation."

      L.      The Defendants deny that they unfairly denied Plaintiff's claim or that they failed to pay benefits to which the Plaintiff is entitled under the Verizon Sickness Disability Plan.  The Defendants also deny that Plaintiff has submitted substantial proof of disability to the Defendants which was satisfactory to meet the standard of disability set forth in the policy.

      M.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's medical condition as Plaintiff failed to provide the Defendants with medical evidence to substantiate her alleged disability.  The Defendants deny that the Plaintiff was disabled within the meaning of the Verizon Sickness Disability Plan.

      N.      The Defendants deny that the Plaintiff has been denied benefits to which she is entitled or that they committed any ERISA violation.

IV.      JURISDICTION:

The Defendants admit that this Court has jurisdiction over ERISA claims pursuant to 29 U.S.C. § 1132(e).

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any relief whatsoever as to the Defendants and request that judgment enter on the Defendants' behalf, together with interest and costs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was not disabled from her occupation within the meaning of the Verizon Sickness Disability Plan.  Therefore, Plaintiff was not entitled to benefits under the Plan.  As such, Plaintiff is entitled to no relief as she failed to meet the eligibility requirement for benefits under the plan and has no basis for her ERISA claims against the Defendants.

### THIRD AFFIRMATIVE DEFENSE

Despite repeated requests from the Defendants during the appeal process, Plaintiff failed to provide medical evidence to substantiate her disability claim.  Rather, correspondence from her medical providers indicated that Plaintiff was out of work due to work-related problems rather than disability from her occupation.  Therefore, Plaintiff was not entitled to benefits under the Plan.  As such, Plaintiff is entitled to no relief as she failed to meet the eligibility requirement for benefits under the plan and has no basis for her ERISA claims against the Defendants.

### FOURTH AFFIRMATIVE DEFENSE

The short-term disability benefits plan provides the administrator and/or fiduciary discretionary authority to determine eligibility for benefits and to construe the terms of the plan. The decision to deny the Plaintiff's claim for Sickness Disability benefits was not arbitrary and/or capricious.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, remedies and damages are limited by the terms and conditions of the plans at issue, which are clear and unambiguous.

### SIXTH AFFIRMATIVE DEFENSE

The plan fiduciaries acted at all times in good faith and in accordance with plan documents.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's failure to timely appeal the denial of her short-term disability claim in accordance with the claims procedure applicable to all Sickness Disability claims bars the instant action.

### DEFENDANTS DEMAND A TRIAL BY JURY

        VERIZON EMPLOYEE BENEFITS, COMMITTEE, CHAIRPERSON OF THE VERIZON EMPLOYEE BENEFITS, COMMITTEE, VERIZON CLAIMS REVIEW COMMITTEE

By its attorneys,


\_\_\_/s/ Windy L. Rosebush_____
Timothy P. Van Dyck (BBO# 548347)
Windy L. Rosebush (BBO# 636962)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

Date: September 7, 2005


## CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that a true copy of the above document was served upon counsel for the Plaintiff, John K. McGuire, Jr., McGuire & McGuire, 45 Linden Street, Worcester, MA 01609 on September 7, 2005 by filing the same electronically and providing a courtesy copy by mail.

        _____/s/ Windy L. Rosebush _____