# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### (Worcester)

KELLY LABRANCHE URELLA,
                              Plaintiff,

v.

VERIZON EMPLOYEE BENEFITS
COMMITTEE, CHAIRPERSON OF THE
VERIZON EMPLOYEE BENEFITS
COMMITTEE, VERIZON CLAIMS REVIEW
COMMITTEE, AETNA LIFE INSURANCE CO.,
AND METROPOLITAN LIFE INSURANCE
COMPANY,
                              Defendants.

CIVIL ACTION NO.
05-40064-FDS

---

## DEFENDANT, AETNA LIFE INSURANCE COMPANY'S ASSENTED-TO MOTION FOR LEAVE TO FILE ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)

The defendant in this action, Aetna Life Insurance Company ("Aetna"), hereby seeks leave of this Court to file its motion to dismiss Aetna as a party to plaintiff's complaint. The proposed motion, along with its supporting memorandum and exhibits, are attached as exhibits to this motion. In further support of this motion, Aetna states:

1.      Aetna's counsel originally filed an appearance in this matter on May 27, 2005. Since that time, and as required by Local Rule 7.1, counsel for Aetna have attempted to reach an accord with Plaintiff's counsel regarding Aetna's request to be voluntarily dismissed from this case as a party defendant.

2.      Counsel for Aetna has been unsuccessful in securing Aetna's voluntary dismissal from this matter, and has notified Plaintiff's counsel that Aetna will seek to dismiss itself as a defendant in this matter by filing a motion to dismiss.

3.    Counsel for Plaintiff, has assented to the present motion, meaning to the motion for leave to file the motion to dismiss only.


**WHEREFORE,** Aetna requests this Court to enter an order allowing the attached Motion to Dismiss, its accompanying memorandum, and its exhibits to be filed, along with any other relief that the Court may deem appropriate.

Respectfully submitted,

**Aetna Life Insurance Company**
By its attorneys,


**Dated:**  September 8, 2005         *  /s/  Eric L. Brodie         *
                                      Stephen D. Rosenberg (BBO# 558415)
                                      Eric L. Brodie (BBO# 639833)
                                      **THE MCCORMACK FIRM, LLC**
                                      One International Place - 7th Floor
                                      Boston, MA     02110
                                      Ph:  617/951-2929



ASSENTED TO:

**Kelly LaBranche Urella**
By her attorney,

 */s/ John K. McGuire Jr.  (per telephonic assent of September 7, 2005)*
John K. McGuire, Jr. (BBO# 335020)
**McGuire & McGuire**
45 Linden Street
Worcester, MA  01609
(508) 754-3291

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion (Defendant, Aetna Life Insurance Company's Assented-To Motion for Leave to File its Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(6)), and the exhibits described therein were served upon the following counsel of record who have not been identified as electronic recipients by depositing a paper copy hereof in the U.S. Mail, postage prepaid, addressed to:

John K. McGuire, Jr., Esq.    (Counsel for Plaintiff)
**McGuire & McGuire**
45 Linden Street
Worcester, MA  01609

The following persons were served electronically only via the Court's NEF system:

Windy L. Rosebush, Esq.    (Counsel for Verizon Defendants)
**Edwards & Angell LLP**
101 Federal Street
Boston, MA  02110

Constance M. McGrane, Esq.    (Counsel for MetLife)
**Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP**
Ten Post Office Square
4th Floor
Boston, MA  02109

**DATED** this   8th   day of   September  , 2005.


  /s/  *Eric L. Brodie*
Eric L. Brodie (BBO# 639833)
**THE MCCORMACK FIRM, LLC**
One International Place - 7th Floor
Boston, MA   02110
Ph:  617/951-2929
*[Attorney for Defendant, Aetna]*

77016.1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### (Worcester)

|  |  |
|---|---|
| **KELLY LABRANCHE URELLA,**<br>                              Plaintiff,<br><br>v.<br><br>**VERIZON EMPLOYEE BENEFITS COMMITTEE, CHAIRPERSON OF THE VERIZON EMPLOYEE BENEFITS COMMITTEE, VERIZON CLAIMS REVIEW COMMITTEE, AETNA LIFE INSURANCE CO., AND METROPOLITAN LIFE INSURANCE COMPANY,**<br>                              Defendants. | **CIVIL ACTION NO.**<br>**05-40064-FDS** |

## DEFENDANT, AETNA LIFE INSURANCE COMPANY'S
## MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)

The defendant in this action, Aetna Life Insurance Company ("Aetna"), hereby moves this Court for an order dismissing all of the claims against Aetna that are alleged in plaintiff's complaint on the ground that they fail to state a cause of action upon which relief against Aetna can be granted. The plaintiff's complaint against this defendant should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

As grounds for this motion, Aetna relies upon the accompanying Memorandum in Support of its Motion to Dismiss, which is also being filed this day, and which contains a statement of reasons, including citation of supporting authorities, why this motion should be granted.

### <u>REQUEST FOR ORAL ARGUMENT</u>

Aetna requests that this Court hear oral argument on this motion.

**WHEREFORE,** Aetna moves this Court for an order dismissing the plaintiff's complaint against it.

Respectfully submitted,

**Aetna Life Insurance Company**
By its attorneys,

**Dated:** <u>September 8, 2005</u>

<u>   /s/  Eric L. Brodie                    </u>
Stephen D. Rosenberg (BBO# 558415)
Eric L. Brodie (BBO# 639833)
**THE MCCORMACK FIRM, LLC**
One International Place - 7th Floor
Boston, MA    02110
Ph:  617/951-2929

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss, its accompanying Memorandum of Law, and Exhibits A, B, and C to the Memorandum were served upon the following counsel of record who have not been identified as electronic recipients by depositing a paper copy hereof in the U.S. Mail, postage prepaid, addressed to:

John K. McGuire, Jr., Esq.          (Counsel for Plaintiff)
**McGuire & McGuire**
45 Linden Street
Worcester, MA  01609

The following persons were served electronically only via the Court's NEF system:

Windy L. Rosebush, Esq.          (Counsel for Verizon Defendants)
**Edwards & Angell LLP**
101 Federal Street
Boston, MA  02110

Constance M. McGrane, Esq.          (Counsel for MetLife)
**Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP**
Ten Post Office Square
4th Floor
Boston, MA  02109

**DATED** this ___8th___ day of ___September___, 2005.

_____/s/___Eric L. Brodie_____
Eric L. Brodie (BBO# 639833)
**THE MCCORMACK FIRM, LLC**
One International Place - 7th Floor
Boston, MA    02110
Ph:  617/951-2929
*[Attorney for Defendant, Aetna]*

76887.1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### (Worcester)

|  |  |
|---|---|
| KELLY LABRANCHE URELLA,<br><br>                                        Plaintiff,<br><br>v.<br><br>VERIZON EMPLOYEE BENEFITS COMMITTEE, CHAIRPERSON OF THE VERIZON EMPLOYEE BENEFITS COMMITTEE, VERIZON CLAIMS REVIEW COMMITTEE, AETNA LIFE INSURANCE CO., AND METROPOLITAN LIFE INSURANCE COMPANY,<br><br>                                        Defendants. | CIVIL ACTION NO.<br>**05-40064-FDS** |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT, AETNA LIFE INSURANCE COMPANY'S
## MOTION TO DISMISS

_____

## I.    INTRODUCTION

Defendant Aetna Life Insurance Company ("Aetna"), requests that this Court dismiss the plaintiff's complaint against it in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). As discussed in greater detail below, the plaintiff seeks substantive relief from the defendants, including Aetna, only under §502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Aetna, however, is the former claims administrator of the Verizon employee benefits plan under which the plaintiff claims to be entitled to benefits; Aetna is not the current claims administrator of that plan. As discussed in detail below, as a matter of law, relief under §502(a)(1)(B) cannot be recovered from a party that was once, but is no longer, the claims administrator of an ERISA governed benefit plan. As a result, the plaintiff's complaint fails to state

a viable claim for relief against Aetna, and the plaintiff's claim against this defendant should therefore be dismissed.

## II.     FACTS

### A.     Facts Alleged in the Plaintiff's Complaint

The facts relevant to Aetna are relatively minimal and straightforward.  Ms. Urella alleges that she is an employee of  Verizon Communications, Inc. ("Verizon"), and has been since 1993. Complaint at ¶III.A.  She alleges that she is a member of, and entitled to benefits under, the Verizon Disability Benefits Plan.  Id. at ¶III.C.  Ms. Urella alleges that the symptoms of a psychiatric illness, anxiety and depression caused her to become totally disabled and absent from work from April 15, 2002 to June 17, 2002.  Id. at ¶III.C.,H.

The complaint further alleges that Aetna, which was the claims administrator for the Plan at the time, unfairly denied Urella's claim for benefits, Id. at ¶III.I., and that the defendants collectively have denied her claim based upon an improper determination that she is able to work and thus not disabled.  As a result, Urella claims that she has been denied benefits to which she is entitled, and therefore alleges violations of ERISA §502(a)(1)(B), codified at 29 U.S.C. §1132(a)(1)(B).  Id. at III.N.

### B.     Aetna Ceased Serving as the Claims Administrator for the Verizon Plan at Issue in 2003, Before Commencement of the Present Action

Aetna had contracted with Verizon to provide claims administration services to Verizon with regard to certain employee benefit plans provided by Verizon to its employees, including the Verizon Sickness and Accident Disability Benefit Plan for New England Associates under which the plaintiff

claims she was entitled to benefits. **Exhibit A** - Affidavit of Tammy M. Manente at ¶2.[1] The Verizon Sickness and Accident Disability Benefit Plan for New England Associates was self-funded and was not insured by Aetna. The plaintiff makes no allegations that Aetna insured the benefits that she seeks in this action or owes those benefits to her as an insurer, and in fact Aetna does not; the Verizon Sickness and Accident Disability Benefit Plan for New England Associates was a self-funded employee benefit plan funded by Verizon and for which Aetna had been retained only to provide certain specified administrative services.

In 2003, however, Verizon elected to terminate Aetna's services as claims administrator and retain a different company to serve as the claims administrator of those plans. Id. at ¶2. Verizon and Aetna agreed that Aetna's role as claims administrator for those plans, including the Verizon Sickness and Accident Disability Benefit Plan for New England Associates, would terminate on March 31, 2003, and that all of Aetna's fiduciary rights and obligations relative to those plans would terminate as of that date. Id. at ¶2. This termination of all rights, obligations and duties of Aetna with regard to those plans is documented in a February 13, 2003 letter agreement executed by the parties, which is an exhibit to the affidavit of Tammy M. Manente, attached as **Exhibit A** to this memorandum. The letter agreement specifically provides that the termination date of Aetna's services to the plans is March 31, 2003, and that, *inter alia*, "Aetna and Verizon specifically agree

---

[1] Aetna notes that the affidavit, and the facts therein, are not part of the plaintiff's complaint. However, as discussed *infra*, the fact of whether or not Aetna was actually the claims administrator of the Verizon Sickness and Accident Disability Benefit Plan for New England Associates when the plaintiff instituted this action is central to the plaintiff's claim against Aetna under ERISA §502(a)(1)(B), as she cannot recover from Aetna on that claim without showing that Aetna currently serves in that role. Accordingly, the facts addressed in the affidavit are central to the plaintiff's claims against Aetna, and as a result this Court may consider them on this motion to dismiss, even though they are not referenced in the plaintiff's complaint. See Wilson v. Globe Specialty Products, Inc., 117 F.Supp.2d 92, 94 (D. Mass. 2000).

that the Administrative Services Contract and Aetna's fiduciary rights and obligations will terminate

. . . as of the termination date." Id. at ¶4.[2]

## III.    THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST AETNA UPON WHICH RELIEF CAN BE GRANTED AND SHOULD, THEREFORE, BE DISMISSED IN ITS ENTIRETY.

### A.    The Plaintiff's Claim Under ERISA §502(a)(1)(B) Against This Defendant Fails As a Matter of Law Because Aetna Is Not the Claims Administrator of the Verizon Sickness and Accident Disability Benefit Plan for New England Associates

In the leading decision on the question, the United States Court of Appeals for the Eighth

Circuit addressed the question of whether a terminated claims administrator, who was no longer the

claims administrator of the employee benefit plan under which the plaintiff was seeking to recover

benefits, could be sued under ERISA §502(a)(1)(B). In that case, Hall v. Lahco, Inc., 140 F.3d 1190

(8th Cir. 1998), the court found that a plaintiff seeking benefits under an employee benefit plan could

not maintain a claim under ERISA §502(a)(1)(B) against a former claims administrator of the plan

who was no longer the claims administrator at the time of suit.  Hall at 1195.  The court found that

the specific items of relief that can be obtained under that section of ERISA cannot be recovered

from a former administrator.  Id.  Noting that ERISA §502(a)(1)(B) allows only for a participant or

beneficiary in the plan to recover benefits due him under the terms of the plan, to enforce his rights

under the terms of the plan or to clarify his rights to future benefits under the terms of the plan, the

court explained that a former administrator could not be found liable for any such relief, stating:

---

[2]The copy of the letter agreement attached to the affidavit has been redacted to remove discussion of retention bonuses to be paid to Aetna employees who serviced the Verizon plans, and who were due to be terminated after March 31, 2003, when Aetna would no longer be performing administrative services for Verizon. The bonuses addressed the need to retain staffing for the Verizon account after the notice by Verizon of termination of Aetna's services and before the date of termination of the services.  The information has been redacted as confidential, proprietary business information that lacks any relevance to this matter in any event.  If the Court wishes Aetna to file an unredacted version, it is willing to do so after an appropriate protective order, precluding disclosure to the extent possible of the redacted information, is entered.

Benefits due under the terms of Hall's plan, the first category of relief available under this statute, can only be obtained against the plan itself . . . LAHCO, [the former administrator] is in no position where it is no longer associated with the plan, to pay out benefits to Hall, even if those benefits should have been paid sooner. Only the plan and the current plan administrator can pay out benefits to Hall. Furthermore, an injunction requiring payment of plan benefits must be directed at an entity capable of providing the relief requested, i.e, the plan administrator, not the plan itself. LAHCO, even if it once was the plan administrator for Hall's plan, is no longer in that capacity and thus cannot be enjoined to make payment of benefits from the plan. Similarly, relief "enforcing [Hall's] rights under the terms of the plan," the second category of relief under §502(a)(1)(B), also cannot be obtained from LAHCO, where LAHCO no longer administers the plan, if it ever did. The terms of Hall's plan would necessarily have to be enforced against the plan itself and the *present* administrator: only from them can Hall obtain proper subrogation and payment of benefits pursuant to the terms of his plan. Finally, where LAHCO is no longer the administrator of the plan, the last category of relief under §502(a)(1)(B), a "clarification of [Hall's] rights to *future* benefits under the terms of the plan," necessarily cannot be had against LAHCO, because LAHCO has nothing to do with Hall's future benefits.

Id. at 1196 (Internal citations omitted and emphasis supplied by court).

The United States Court of Appeals for the Eighth Circuit concluded that, since the items of relief available under this statutory section could not, under any circumstances, be recovered from a former administrator, the plaintiff's claim against the former administrator "pursuant to §502(a)(1)(B) simply is not 'redressable' against [the former administrator], and [the plaintiff] has no standing to pursue that claim." Id. The United States Court of Appeals, therefore, affirmed the district court's grant of summary judgment in favor of the former administrator on the plaintiff's claim for relief under ERISA §502(a)(1)(B). Id. Of some note, just as is the case under the facts alleged by the plaintiff in the instant case, the former administrator sued in Hall under ERISA §502(a)(1)(B) had provided claims administration services to the employee benefit plan at the time of the plaintiff's claim for benefits, but was no longer serving as the claims administrator by the time the court was asked to award relief under that section of ERISA against the former administrator. Id. at 1192.

The present matter is, for all intents and purposes, identical to the situation considered by the court in Hall. As was the case in Hall, Aetna is a former claims administrator, who is not capable

of providing, and cannot be liable for, any of the items of relief that a plaintiff is allowed to recover under the literal terms of ERISA §502(a)(1)(B). As such, the plaintiff's claim under that section against Aetna fails to state a cause of action under which relief can be granted, and this cause of action against it should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Indeed, in a recent decision, Judge Ponsor of the United States District Court for the District of Massachusetts reached this exact conclusion in a case involving this defendant and (although it is not apparent from the court's opinion) the exact same benefit plan that is involved in the instant litigation.  David Mazza v. Aetna Casualty and Life Ins. Co., C.A. No. 04-30020-MAP, Memorandum and Order Regarding Defendant Aetna's Motion to Dismiss and Motion to Strike Jury Demand (September 17, 2004).[3]  In that case, the court applied the lessons of Hall to the exact same scenario presented by the case currently before this Court, and found that Aetna, as the once but not present claims administrator of the plan, could not be sued by a plan participant for relief under ERISA §502(a)(1)(B). The court therefore dismissed the claim against Aetna. Id. This Court, presented with the exact same facts, should do the same. See also Garin v. Aetna Health and Life Ins. Co., 2005 WL 1840148 (S.D.Tex. 2005) ("Aetna is entitled to summary judgment because the undisputed evidence of record demonstrates that Garin's claim against Aetna is not redressable. Garin asserts a claim against Aetna under ERISA to recover LTD benefits available under the Plan. Aetna, however, no longer provides claims administrative services to the Plan. Indeed, the only competent evidence of record establishes that, as the *former* claims administrator of a *self-funded* ERISA plan, Aetna has no authority to pay benefits to Garin (or anyone else) on behalf of the Plan.")[4]

---

[3]A copy of this decision is attached at Exhibit B for the Court's convenience.

[4]A copy of this decision is attached at Exhibit C for the Court's convenience.

## IV.    CONCLUSION

For the reasons detailed above, the plaintiff has failed to state a cause of action against this defendant upon which relief can be granted.  Accordingly, this Court should dismiss the plaintiff's complaint as against this defendant in accordance with Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

**Aetna Life Insurance Company**
By its attorneys,

**Dated:**    September 8, 2005                        /s/  *Stephen D. Rosenberg*
Stephen D. Rosenberg (BBO# 558415)


  /s/  *Eric L. Brodie*
Eric L. Brodie (BBO# 639833)
**THE MCCORMACK FIRM, LLC**
One International Place - 7th Floor
Boston, MA    02110
Ph:  617/951-2929

76127.2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### (Worcester)

| | |
|---|---|
| KELLY LABRANCHE URELLA,<br>                                      Plaintiff,<br><br>v.<br><br>VERIZON EMPLOYEE BENEFITS<br>COMMITTEE, CHAIRPERSON OF THE<br>VERIZON EMPLOYEE BENEFITS<br>COMMITTEE, VERIZON CLAIMS REVIEW<br>COMMITTEE, AETNA LIFE INSURANCE CO.,<br>AND METROPOLITAN LIFE INSURANCE<br>COMPANY,<br>                                      Defendants. | **CIVIL ACTION NO.<br>05-40064-FDS** |

## AFFIDAVIT OF TAMMY A. MANENTE

1.    I am an employee of Aetna Life Insurance Company and my current position is Claim Team Leader, Appeal Unit. I have personal knowledge of the facts set forth herein.

2.    Prior to 2003, Aetna Life Insurance Company ("Aetna") had contracted with Verizon Communications, Inc. ("Verizon") to provide claims administration services to Verizon with regard to certain employee benefit plans provided by Verizon to its employees, including the Verizon Sickness and Accident Disability Benefit Plan for New England Associates.   In 2003, however, Verizon elected to terminate Aetna's services as administrator and retain a different company to serve as the administrator of those plans. Verizon and Aetna agreed that Aetna's role as administrator for those plans would terminate on March 31, 2003, and that all of Aetna's fiduciary rights and obligations relative to those plans would terminate as of that date.

3.    Attached to my affidavit, at **Exhibit 1**, is a true and accurate copy, with the exception of certain redactions detailed below, of a February 13, 2003 letter agreement between Aetna and Verizon that formally terminated Aetna's services as administrator of the Verizon Sickness and Accident Disability Benefit Plan for New England Associates effective March 31, 2003.

4.      The letter agreement provides that the termination date of Aetna's services to Verizon and the Verizon Sickness and Accident Disability Benefit Plan for New England Associates is March 31, 2003, and that "Aetna and Verizon specifically agree that the Administrative Services Contract and Aetna's fiduciary rights and obligations will terminate [at the latest with regard to any claims for benefits] as of the Termination Date."

5.      The February 13, 2003 letter agreement has been redacted only to the extent of deleting discussion of retention bonuses and the terms for receiving retention bonuses that were to be paid to Aetna employees who serviced the Verizon plans, and who were due to be terminated from employment after March 31, 2003, when Aetna would no longer be performing administrative services for Verizon. The employees were dedicated employees, meaning their jobs were solely to service the Verizon account, and thus they would no longer be employed after the termination of Aetna's services under the contract with Verizon. The bonuses served the purposes of retaining staffing for the Verizon account after the notice by Verizon of termination of Aetna's services and up to the date of termination of the services.

       **SUBSCRIBED AND SWORN TO**, under the penalties for perjury, by the said Tammy M. Williams, this ___1st___ day of September, 2005.

                                        _____
                                      **Tammy A. Manente**, Affiant

State of Connecticut  )
                        ) ss:
County of Hartford  )

                                          A. MANENTE
       Then personally appeared the above-named Tammy ~~M. Williams~~, and acknowledged the execution of the foregoing Affidavit to be her voluntary act and deed, this ___1st___ day of ~~October~~ September ~~2004~~ 2005.

My Commission Expires:         _____Janet Fox_____

_____      **JANET S. FOX**
Public                       **NOTARY PUBLIC**                      Notary
 (Expiration Date)    My Commission Exp. June 30, 2008      (Printed Name)

# Exhibit 1



Ann L. Bryan
Vice President
Aetna Life Insurance Company
151 Farmington Ave. RE52
Hartford, CT 06156

February 13, 2003

Ms. Janet M. Rohner
Verizon Communications, Inc.

Dear Janet:

**RE:    <u>TERMINATION OF DISABILITY MANAGEMENT PROGRAM
         ADMINISTRATIVE SERVICES CONTRACT</u>**

**Administrative Services Contract (including a Statement of Work - Appendix to the
Contract) # BQ 17404 Effective 1/1/1997 - Customer # 719987 (hereafter referred to as the
"Contract").**

Verizon Communications, Inc. has advised Aetna that the above noted Contract, has been
awarded to other administrators and will be terminated. Verizon and Aetna agree that execution
of this letter agreement constitutes formal notice from Verizon and agreement by Aetna that the
Contract will terminate effective March 31, 2003 ("the Termination Date"). This letter sets forth
both parties' agreement regarding the retention of dedicated Aetna personnel and the orderly
transition of the plans from Aetna to Verizon's successor administrators.

The claims will transition from Aetna to the new vendors by March 31, 2003 for STD and LTD,
including Third Party Medial Opinions and appeals, as set forth below. A group of key Aetna
staff will remain at Aetna to provide and service consultation through April 30, 2003 as set forth
below.

Verizon and Aetna agree to the following:

1



## B. Transition of Administrative Services

1. Aetna will administer claims, including Short Term Disability, Long Term Disability, Third Party Medical Opinions and Appeal Claims, under Verizon's self-insured disability plan in accordance with the terms of the Administrative Services Contract and this letter through the Termination Date for the Administrative Services Contract, until completion of the obligations in this Letter Agreement, or earlier as designated below. Other than transition support as required under the Administrative Services Contract, completion of any obligations in this Letter Agreement and litigation support as provided below, Aetna's administrative and fiduciary obligations under the Contract will cease as of the Termination Date.

2. In accordance with Aetna's privacy policies, Aetna will transfer hard copy and electronic claim information to Verizon's successor administrators subject to the execution by the successor administrators of a hold harmless satisfactory to Aetna. In the absence of such hold harmless executed by each successor administrator, Aetna will transfer claim information to Verizon directly, subject to a satisfactory hold harmless. In the event that Aetna receives any claims or appeals following the Termination Date, Aetna will forward them immediately to the applicable successor administrator.

3. Aetna will transfer claim files, including appeal files, to Verizon's successor administrators, subject again to the hold harmless referenced above, during the following timeframes, which timeframes were requested and agreed upon by Verizon:

- Between 02/01/03 and 02/28/03 for active associate claims, with the majority of files transferred by 2/18/03. These files will be comprised of any hard copy material, hard copy TUMS printouts, and electronic Atlas notepad extracts.
- Between 03/03/03 and 03/31/03 for active management claims. These files will consist of any hard copy material, hard copy TUMS printouts, and electronic Atlas notepad extracts.
- Hard copy files closed in the last six (6) months period are to be sent to the successor administrators.
- Third Medical Opinion's will be transferred to Verizon's successor administrator on 3/31/03 or sooner if agreed upon by both Verizon and the successor administrator. These files will consist of hard copy files.
- Aetna will provide Verizon's successor administrators with electronic files of closed claims (STD and LTD) data that is readily reportable from Aetna's Claim Management systems (TUMS and Atlas), inclusive of all the pertinent historical information needed for claim and payment history from 10/1/2002 through 3/31/03.
- Aetna will provide Verizon with electronic files of closed claims (STD and LTD ) data that is readily reportable from Aetna's Claim Management systems (TUMS and Atlas), inclusive of all the pertinent historical information needed for claim and payment history from 1/1/97 through 9/30/02.

4. Aetna will coordinate and cooperate with Verizon's successor administrators regarding the logistics of the file transfers. Aetna will complete review and decision of appeal files with appeal deadlines prior to the Termination Date unless the underlying claim file has already been transferred to the successor administrator in accordance with the above schedule. In that case, Aetna will forward the appeal to the successor administrator. Aetna will forward any appeal files with appeal deadlines that fall within four weeks after the Termination Date to the successor administrator at least 30 days prior to that appeal deadline.

5. Except as set forth below regarding litigation, Aetna and Verizon specifically agree that the Administrative Services Contract and Aetna's fiduciary rights and obligations will terminate as to each specific claim transferred to Verizon's successor administrators as of the earlier of a) the date the file leaves Aetna's premises to be shipped to the successor carrier or b) the Termination Date.

6. Aetna will continue to handle active or future litigation relating to any claims for which Aetna was the final decision-maker on appeal during the term of the Contract consistent with Aetna's handling of such litigation during the term of the Contract and consistent with the terms of the Contract and related Statement of Work. Specifically, Aetna will bear the cost and responsibility of vigorously defending against any active or future litigation relating to those

4

appeals. Verizon will be responsible for paying benefits due as a result of any claim or suit. Aetna will not be responsible for any damage awards, unless the award resulting from Aetna's negligence or misdeeds. Throughout the legal process, Aetna must consult with Verizon and keep Verizon abreast of the status of litigation. Verizon will be responsible for providing Aetna will all applicable claims files related to a litigated claim upon request from Aetna. Aetna's obligations to handle claim litigation pursuant this paragraph will commence only when Aetna has received applicable claim files from Verizon.

7. Aetna and Verizon agree that they will cooperate in good faith and use their best efforts to assure an orderly transition of the disability program administration to the successor administrators in accordance with standard industry practices. Aetna expects to apply its established work processes and professional conduct in effecting this transition, working in cooperation with the successor administrators. The exact details will be agreed on by Aetna and the successor administrators.

Please sign this letter in the space provided below to confirm your agreement to the foregoing, and return a signed copy to me. An additional copy is enclosed for your file. Aetna must receive this letter signed by Verizon no later than February 14, 2003.

Sincerely,

Agreed by Verizon Communications, Inc

| _Louis Kaisin_ | _Director_ | 3-4-03 |
|---|---|---|
| Name | Title | Date |

Aetna Life Insurance Company

_____

Ann L. Bryan          Vice President          February 7, 2003

Name                  Title                   Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID MAZZA,                    )
                Plaintiff       )
                                )
           v.                   )    CIVIL ACTION NO. 04-30020-MAP
                                )
AETNA CASUALTY AND LIFE         )
INSURANCE COMPANY, ET AL,       )
                Defendants      )

MEMORANDUM AND ORDER REGARDING
DEFENDANT AETNA'S MOTION TO DISMISS AND
MOTION TO STRIKE JURY DEMAND
(Docket Nos. 5 & 7)

September 17, 2004

PONSOR, U.S.D.J.

Counsel for the plaintiff and for the defendant Aetna
Casualty and Life Insurance Company ("Aetna") came before this
court for argument on Aetna's Motion to Dismiss and Motion to
Strike on September 16, 2004.  At that time, the court indicated
it would be allowing the Motion to Dismiss and set forth its
reasons in detail orally.  The Motion to Strike Jury Demand is
hereby also ALLOWED, without opposition

In sum, the undisputed fact that Aetna is no longer the
administrator of the ERISA plan that forms the basis of this
lawsuit is fatal to any claim against ERISA.  Hall v. Lhacho,
Inc., 140 F.3d 1190, 1195 (8th Cir. 1998).  In this regard, it is
worth noting that the plaintiff will have an opportunity to
obtain all his remedies pursuant to ERISA against the remaining
defendants in the case.

With regard to the plaintiff's claim pursuant to Mass. Gen.
Laws ch. 176D, the claim is preempted under ERISA, pursuant to

<u>Hotz v. BlueCross BlueShield of Massachusetts</u>, 292 F.3d 57, 60 (1st Cir. 2002).  For these reasons, and for reasons set forth in more detail orally, the Motion to Dismiss is hereby ALLOWED.  As noted, the Motion to Strike is also ALLOWED.

The clerk is ordered to refer this matter to Magistrate Judge Neiman for a prompt pretrial scheduling conference pursuant to Fed. R. Civ. 16 with the plaintiff and the remaining defendants.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge

-2-

Westlaw.

Slip Copy                                                                                            Page 1
Slip Copy, 2005 WL 1840148
**(Cite as: Slip Copy)**

Slip Copy, 2005 WL 1840148
Only the Westlaw citation is currently available.
   United States District Court,S.D. Texas, Houston
                          Division.
             Tomas GARIN Plaintiff(s)
                            v.
     AETNA HEALTH AND LIFE INSURANCE
           COMPANY Defendant(s)
             No. Civ.A.H-03-3294.

                     Aug. 1, 2005.

James Foster Andrews, Attorney at Law, Houston, TX,
for Plaintiff.
John Bruce Shely , Andrews Kurth LLP, Houston, TX,
for Defendant.

        *MEMORANDUM OPINION AND ORDER*
        *GRANTING DEFENDANT'S MOTION FOR*
                *SUMMARY JUDGMENT*

HARMON, J.
**\*1** Pending before the Court is Defendant's motion for
summary judgment (Doc. 21). After considering the
motion, the record, and the applicable law, the Court
ORDERS that the motion is GRANTED. Final
judgment is entered in favor of Defendant.

        I. BACKGROUND AND RELEVANT FACTS

This is a wrongful denial of benefits case in which
Plaintiff Tomas Garin ("Garin") is suing Defendant
Aetna Life Insurance Company ("Aetna") FN1 under
Section 502(a) of ERISA  FN2 to recover long-term
disability ("LTD") benefits under a self-funded
employee welfare benefit plan (the "Plan") established
and maintained by Garin's former employer, Hoechst
Celanese Corporation ("HCC"). Aetna advances two
arguments in favor of its motion for summary judgment:
(1) as the *former* claims administrator of a *self-funded*
ERISA plan, Aetna currently has no authority to pay
benefits to Garin on behalf of the Plan, even if such
benefits are due under the Plan's terms, and accordingly
Garin does not have a redressable claim against Aetna;
FN3 (2) Garin's claim to recover LTD benefits also fails
because Aetna acted within its discretion in terminating

his LTD benefits. As discussed below, the Court finds
that (1) there is no material dispute of fact regarding
Aetna's first argument and (2) Aetna is entitled to
summary judgment on that basis alone. Accordingly,
the Court need not and does not reach Aetna's second
argument.

         FN1. Aetna noted without objection that Garin
         originally incorrectly named it "Aetna Health
         and Life Insurance Company." *Defendant's*
         *Motion for Summary Judgment and Brief in*
         *Support* (Doc. 21) at 1.

         FN2. 29 U.S.C. § 1132(a), Employee
         Retirement Income Security Act of 1974.

         FN3. *See Hall v. LHACO, Inc.,* 140 F.3d 1190
         (8th Cir.1998).

  A. The Plan, Aetna's Role as Administrator, and the
        Terms of Coverage for LTD Benefits

At all times relevant to this lawsuit, HCC was the Plan
Administrator, and LTD benefits available under the
Plan were *self-funded* by HCC through employee and
employer contributions. FN4 Under the terms of the
Administrative Services Contract ("ASC") between
Aetna and HCC, HCC delegated to Aetna the authority
to make claims determinations in accordance with the
terms of the Plan. FN5 Aetna also issued Plan benefits
by checks drawn on a bank account funded by the Plan,
and the Plan remained liable for all benefits payments.
FN6 The ASC terminated, and as of 01 January 2004
Aetna no longer provided any claims administrative
services to the Plan. FN7 The only competent summary
judgment evidence of record establishes that Aetna no
longer has any authority to pay any benefits under the
Plan. FN8

         FN4. *See* Ex. 1-10, ¶ (b) ("Aetna shall not be
         liable or use its funds for the payment of
         benefits under the Plan of the Contractholder
         ... or to assume liability of the Contractholder
         for the payment of benefits under the Plan");
         Ex. 3-2 ("These benefits are not insured with
         Aetna Life Insurance Company ("Aetna") but
         will be paid from the Employer's funds.").
         Unless otherwise noted, all Exhibit ("Ex.")

Slip Copy                                                                                     Page 2
Slip Copy, 2005 WL 1840148
**(Cite as: Slip Copy)**

references are to the exhibits attached to *Defendant's Motion for Summary Judgment* (Doc. 21), the titles of which are listed on page 3 of that motion.

FN5. *See* Ex. 1-1; Ex. 1-10, ¶ (b); Ex. 3-2.

FN6. *See* Ex. 1-5 to Ex. 1-6.

FN7. *See* Exhibit A, Affidavit of Michael E. Evans at ¶ 4.

FN8. *Id.*

Subject to its other terms and conditions, the Plan paid LTD benefits to eligible participants for periods of "total disability" defined as:

• In the first 24 months of a period of total disability: You are not able, solely because of injury or disease, to work at your own occupation.

• After the first 24 months of a period of total disability:

You are not able, solely because of injury or disease, to work at any reasonable occupation. (This is any gainful activity for which you are, or may reasonably become, fitted by education, training or experience. It does not include work under an approved rehabilitation program.). FN9

FN9. *See* Ex. 3-3 (emphasis added).

**\*2** The Plan further provided that LTD benefits will cease on the date the participant is no longer disabled or when the participant begins work at a reasonable occupation. FN10

FN10. *Id.* at 3-4.

B. Garin's Claim For LTD Benefits Under The Plan

HCC first employed Garin as a machinist in 1991. FN11 Seven years later, in December 1998, Garin claimed to be disabled from work at HCC due to chronic pain allegedly resulting from nerve damage to his right shoulder after a flu shot. FN12 After a 26-week waiting period under the Plan, Garin applied for LTD benefits.

FN11. *See* Ex. 7-1 and Ex. 7-4.

FN12. *See* Plaintiff's Original Complaint at p. 2 ¶ III. *See also* Ex. 7-4 to 7-6.

On 25 June 1999, Aetna received a Disability Attending Physician's Statement ("APS") signed by Marie W. LeBas, M.D. FN13 In her APS, Dr. LeBas reported that Garin was limited in the activities that he could perform with his right arm but he would be able to return to work at an occupation other than his own. FN14 She also reported that at that time, Garin was capable of sedentary activity. FN15

FN13. *See* Ex. 7-4. *See also* Ex. 4-19 to 4-20.

FN14. *See* Ex. 4-19 to 4-20.

FN15. *Id.*

Upon review of Garin's claim, Aetna determined that Garin was "totally disabled" from his *own occupation* under the terms of the Plan as of 30 December 1998. Garin began receiving LTD benefits starting 30 June 1999. FN16

FN16. *See* Ex. 7-1.

C. Aetna's Decision To Terminate Garin's LTD
Benefits Under The Plan

The Plan required Garin to submit proof of an ongoing disability in order to continue to receive LTD benefits. FN17 In March of 2000, Aetna requested a current APS from Garin. FN18 The following month, Aetna received an APS signed by Arun Sharma, M.D., dated March 31, 2000. FN19 Contrary to Dr. LeBas' APS, Dr. Sharma reported that Garin was not expected to return to work or hold any gainful employment due to limitations on the use of his upper right arm.

FN17. *See* Ex. 3-3 and 3-4.

FN18. *See* Ex. 7-7.

FN19. *See* Ex. 7-9. *See also* Ex. 4-47 to 4-49.

Upon receipt of Dr. Sharma's APS, Aetna initiated a further investigation of Garin's claim. First, it requested Garin's medical records. FN20 Second, it requested a home interview by an independent claims services company. FN21 Third, Aetna ordered an independent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                              Page 3
Slip Copy, 2005 WL 1840148
**(Cite as: Slip Copy)**

medical evaluation ("IME"), and, finally, Aetna requested an independent investigation of Garin's daily activities. FN22

> FN20. *See, e.g.,* Ex. 7-10.

> FN21. *See, e.g.,* Ex. 7-14.

> FN22. *See* Ex. 7-13; Ex. 7-18 to 7-19; 7-24 to 7-27.

In March 2001, following these investigative measures, Aetna notified Garin of its determination that he was no longer totally disabled under the terms of the Plan and terminated Garin's LTD benefits, effective 28 February 2001. FN23 Although Garin's counsel requested an appeal of the denial, Aetna did not receive any additional medical records on appeal by the deadline for submitting such information, 25 May 2001. FN24 On 15 June 2001, Aetna advised Garin's counsel that it was upholding its original decision. FN25 Subsequently, in August 2003, Plaintiff filed this action, asserting a claim for benefits under § 502(a) of ERISA. As noted above, as of 01 January 2004 Aetna ceased providing claims administrative services to the Plan, and consequently ceased having authority to issue payment for LTD benefits from the Plan's funds. Aetna has moved for summary judgment, Plaintiff has responded, and the motion is now ripe for ruling.

> FN23. *See* Ex. 7-32.

> FN24. *See* Ex. 7-33, Ex. 7-35 and Ex. 8.

> FN25. *See* Ex. 8-3.

## II. LEGAL STANDARD

**\*3** The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c) ; Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims.

International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219, 222 (5th Cir.1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed.R.Civ.P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. Anderson, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." Id. at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. Id. at 252.

All reasonable inferences must be drawn in favor of the non-moving party. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 . 587-88 (1986), citing United States v. Diebold, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Once the burden of proof has shifted to the nonmovant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. Anderson, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id., 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A ., 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 139-40 (5th Cir.1996) ; Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994) ; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Nor are pleadings summary judgment evidence. Wallace v.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Texas Tech University,* 80 F.3d 1042, 1046 (5th Cir.1996), *citing Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)(*en banc* ). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter,* 980 F.2d 299, 305 (5th Cir.1992) ; *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998), *citing Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

III. ANALYSIS

**\*4** Aetna is entitled to summary judgment because the undisputed evidence of record demonstrates that Garin's claim against Aetna is not redressable. Garin asserts a claim against Aetna under ERISA to recover LTD benefits available under the Plan. Aetna, however, no longer provides claims administrative services to the Plan. FN26 Indeed, the only competent evidence of record establishes that, as the *former* claims administrator of a *self-funded* ERISA plan, Aetna has no authority to pay benefits to Garin (or anyone else) on behalf of the Plan. FN27

FN26. *See* Affidavit of Michael A. Evans at ¶ 4.

FN27. *Id.*

Under similar facts in *Hall v. LHACO, Inc.,* FN28 the Eighth Circuit held that no relief may be obtained under ERISA from a former claims administrator of a *self-funded* ERISA plan because only the plan and the *current* plan administrator could pay out benefits to a participant. FN29 Specifically, the Eight Circuit concluded that:

FN28. 140 F.3d 1190 (8th Cir.1998).

FN29. *Id.* at 1195-96.

LHACO is in no position, where it is no longer associated with the Plan, to pay out benefits to Hall, even if those benefits should have been paid sooner.

Only the Plan and the current plan administrator can pay out benefits to Hall. Furthermore, an injunction requiring payment of plan benefits must be directed at an entity capable of providing the relief requested, *i.e.,* the plan administrator, not the plan itself. LHACO, even if it once was the plan administrator for Hall's Plan, is no longer in that capacity, and thus cannot be enjoined to make payments of benefits from the Plan....The terms of Hall's Plan would necessarily have to be enforced against the Plan itself and the *present* administrator: only from them can Hall obtain proper subrogation and payment of benefits pursuant to terms of his Plan. FN30

FN30. *Id.* at 1196 (emphasis in original).

The same is true here. "[Garin], like the plaintiff in *Hall,* has no standing to pursue h[is] claim[ ] against Aetna because [that] claim[ ][is] not redressable against Aetna." FN31 Thus, on this basis alone, which is clearly established in the record, Aetna is entitled to summary judgment, and its motion must be granted. FN32

FN31. *Thomas v. Aetna Life Ins. Co.,* No. Civ.A.3:99-CV-1163-M, 2000 WL 1239129, at \*2 (N.D.Tex. Aug.31, 2000) (mem.), *aff'd,* 273 F.3d 1101 (5th Cir.2001).

FN32. *See Hall,* 140 F.3d at 1196 (affirming summary judgment in favor of former claims administrator of a self-funded plan because it was no longer in a position to pay claims even if they were covered).

IV. CONCLUSION

Garin's claim against Aetna is not redressable. Accordingly, Aetna is entitled to summary judgment. Final judgment will be entered in favor of Aetna.

S.D.Tex.,2005.
Garin v. Aetna Health and Life Ins. Co.
Slip Copy, 2005 WL 1840148

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### (Worcester)

**KELLY LABRANCHE URELLA,**

                            Plaintiff,

v.

**VERIZON EMPLOYEE BENEFITS COMMITTEE, CHAIRPERSON OF THE VERIZON EMPLOYEE BENEFITS COMMITTEE, VERIZON CLAIMS REVIEW COMMITTEE, AETNA LIFE INSURANCE CO., AND METROPOLITAN LIFE INSURANCE COMPANY,**

                            Defendants.

**CIVIL ACTION NO.
05-40064-FDS**

## LOCAL RULE 7.1(A)(2) CERTIFICATION REGARDING DEFENDANT, AETNA LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)

Pursuant to Local Rule 7.1(A)(2), the undersigned attorney certifies that counsel for Aetna Life Insurance Company ("Aetna") have attempted in good faith to resolve to the satisfaction of counsel for Plaintiff Kelly LaBranche Urella the question of whether Aetna is a proper party defendant to this lawsuit.  These efforts have been by way of telephone conversations to Plaintiff's counsel and detailed correspondence setting forth legal authority supporting Aetna's position, and follow up correspondence requesting dismissal of Aetna as a party defendant.  Notwithstanding these efforts to resolve the issue of whether Aetna is properly named as a defendant in this matter, the parties have not been able to reach an accord, thus leading Aetna to file the accompanying motion to dismiss.

The undersigned counsel hereby certifies that the foregoing statements are true and accurate, and this certification is signed under pains and penalties of perjury.

Respectfully submitted,

**Aetna Life Insurance Company**
By its attorneys,

**Dated:** September 8, 2005

/s/ *Eric L. Brodie*

Stephen D. Rosenberg (BBO# 558415)
Eric L. Brodie (BBO# 639833)
**THE McCORMACK FIRM, LLC**
One International Place - 7th Floor
Boston, MA    02110
Ph:  617/951-2929