UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 05-40064-FDS

_____
                                            )
Kelly Labranche Urella                      )
                                            )
    Plaintiff,                              )
                                            )
v.                                          )
                                            )
Verizon Employee Benefits Committee, et al. )
                                            )
    Defendants.                             )
_____)

## ANSWER OF DEFENDANT
## METROPOLITAN LIFE INSURANCE COMPANY

Defendant Metropolitan Life Insurance Company ("MetLife") responds to the Plaintiff's Complaint as follows. MetLife refers to plaintiff's headings in its response because the Plaintiff's Complaint does not contain numbered paragraphs.

I.    INTRODUCTION:

Metlife admits that in 2003 it became a successor Benefits Administrator for the Verizon Sickness and Accident Disability Benefit Plan for New England Associates, (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"). MetLife denies that it considered the Plaintiff's claim for benefits. MetLife denies that it received repeated demands to pay the Plaintiff claims for benefits. MetLife is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

II.   THE PARTIES:

MetLife admits that it has a place of business in Lexington, Kentucky. MetLife is without knowledge or information sufficient to form a belief as to the remaining allegations.

III.   THE COMPLAINT:

MetLife is without knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs lettered A, B, C, D, E, F, G, H, I, J, K and M. MetLife denies the allegations contained in the paragraphs lettered L and N.

IV.   JURISDICTION:

MetLife states that this paragraph is a legal conclusion for which no response is required.

WHEREFORE:

The remaining paragraphs of the complaint entitled "WHEREFORE" set forth requests for relief as to which no response is required.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff's Complaint seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq., which provides the exclusive remedies for an alleged improper denial of benefits, and plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

**Second Affirmative Defense**

To the extent (and without admitting that) plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan, including without limitation, Social Security disability benefits.

**Third Affirmative Defense**

To the extent (and without admitting that) plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that plaintiff has an entitlement to unlimited future benefits given, inter alia, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

**Fourth Affirmative Defense**

To the extent (and without admitting that) plaintiff was entitled to benefits, such entitlement is limited to the terms of the Plan.

**Fifth Affirmative Defense**

The determinations by any defendant regarding plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan and applicable law.

**Sixth Affirmative Defense**

All determinations made by any defendant with respect to plaintiff's claim for benefits and requests for repayment of Plan assets were made in the interest of all plan participants and beneficiaries and in accordance with the terms and conditions of the plan documents.

### Seventh Affirmative Defense

The prayers for relief and jury demand are barred to the extent the relief sought is not permitted by ERISA.

### Eighth Affirmative Defense

The plaintiff's claims fail to set forth a claim for which relief can be granted against Metropolitan Life Insurance Company ("MetLife"), particularly as no allegations are made that plaintiff ever submitted any claim to MetLife.

### Ninth Affirmative Defense

The plaintiff claims against MetLife are limited to the remedies provided by ERISA, § 502(a)(1)(B). Accordingly, she cannot recover against MetLife since any benefits allegedly due from the Verizon Sickness and Accident Disability Benefit Plan for New England Associates are payable by Verizon Communications, Inc. ("Verizon").

WHEREFORE, Metropolitan Life Insurance Company respectfully requests that the Court dismiss the Complaint against Metropolitan Life Insurance Company with prejudice, and award Metropolitan Life Insurance Company its attorneys fees and costs.

METROPOLITAN LIFE
INSURANCE COMPANY

By its attorneys,

/s/ Constance M. McGrane
James F. Kavanaugh, Jr. BBO # 262360
Constance M. McGrane BBO #546745
CONN KAVANAUGH ROSENTHAL
PEISCH
 & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

5

**CERTIFICATE OF SERVICE**

      I, Constance M. McGrane, hereby certify that a true copy of the above document was served upon counsel of record by filing the same electronically on September 26, 2005. A courtesy copy of the above document was also served upon counsel for the Plaintiff, John K. McGuire, Jr., McGuire & McGuire, 45 Linden Street, Worcester, MA 01609 by regular mail.

                                  /s/ Constance M. McGrane

236602.1