UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY LABRANCHE URELLA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VERIZON EMPLOYEE BENEFITS ) <br> COMMITTEE, CHAIRPERSON OF THE ) <br> VERIZON EMPLOYEE BENEFITS ) <br> COMMITTEE, VERIZON CLAIMS REVIEW ) <br> COMMITTEE, AETNA LIFE ) <br> INSURANCE COMPANY, and ) <br> METROPOLITAN LIFE INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) | Civil Action No. <br> 05-40064-FDS |

## MEMORANDUM AND ORDER ON
## DEFENDANT AETNA LIFE INSURANCE COMPANY'S MOTION TO DISMISS

**SAYLOR, J.**

This is a suit brought by plaintiff Kelly Labranche Urella to enforce the terms of an ERISA-covered disability benefits policy provided by her employer, Verizon Communications, Inc./Verizon New England, Inc. Urella alleges that defendant Aetna Life Insurance Company, as "Plan Benefits Administrator," wrongly denied her claim for disability benefits for the period from April 15 to June 17, 2002. Urella has also sued the Verizon Employee Benefits Committee, the Chairperson of the Verizon Employee Benefits Committee, the Verizon Claims Review Committee, and Metropolitan Life Insurance Company. She seeks relief in the form of all benefits due to her under the plan, as well as attorneys' fees and costs.

Aetna filed a motion to dismiss for failure to state a claim upon which relief can be granted

on the grounds that it is no longer the benefits administrator for the plan and that, therefore, it is not a proper party to the suit. Because Aetna has submitted evidence outside the pleadings which the Court has not excluded, the motion will be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b). Accordingly, the Court will view the record and all reasonable inferences from it in the light most favorable to the non-moving party, and grant summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Cox v. Hainey*, 391 F.3d 25, 27 (1st Cir. 2004). Neither Urella nor any other defendant has opposed Aetna's motion.

Prior to 2003, Aetna provided Verizon Communications, Inc., with benefits administration services for the plan. However, that year, Verizon elected to terminate its relationship with Aetna and retain a different service provider. Urella's complaint implicitly acknowledges that Aetna is no longer the benefits administrator—she describes Aetna as "the then Plan Benefits Administrator" and Metropolitan Life as the "successor Benefits Administrator." Urella does not allege that Aetna is or was a provider of benefits as an insurer.

Aetna's argument is based on the fact that it is not the current administrator of the plan. According to Aetna, because Urella's complaint only seeks benefits under the plan, her claim arises under 29 U.S.C. § 1132(a)(1)(B); the only relief available under that provision of ERISA is the recovery of benefits due under the terms of the plan, the enforcement of rights under the terms of the plan, and the clarification of rights to future benefits under the terms of the plan; and none of these three categories of relief can be recovered from a party that was once, but is no longer, a benefits administrator of the plan. As a result, Aetna contends, Urella lacks standing to bring a

claim against Aetna.

The Court agrees. Although the First Circuit apparently has not yet addressed this issue, the Eight Circuit has held that a defendant who was the former claims administrator of an ERISA plan did not have the capacity to pay out benefits under the plan—which only the plan and the current administrator could do—even if those benefits should have been paid when the defendant was the claims administrator. *Hall v. LHACO, Inc.*, 140 F.3d 1190, 1195-96 (8th Cir. 1990). Similarly, the former administrator could not provide the other types of relief potentially available under § 1132(a)(1)(B). *Id.* at 1196. The plaintiff's claims therefore were not redressable and he was without standing. *Id.* The Eighth Circuit's holding in *Hall* has been followed or cited favorably by a number of federal district courts. *See, e.g.*, *Garin v. Aetna Health and Life Ins.*, 2005 WL 1840148, at *4 (S.D. Tex. Aug. 1, 2005); *Mazza v. Aetna Casualty and Life Ins. Co.*, No. 04-30020-MAP, slip op. at 1 (D. Mass. Sept. 17, 2004); *Reilly v. Keystone Health Plan East, Inc.*, 1998 WL 422037, at *5 (E.D. Pa. July 27, 1998).

Because Aetna is the former benefits administrator of the plan, not the current administrator, it cannot provide the relief requested by plaintiff. Plaintiff thus does not have standing to bring a claim against Aetna.

The Motion to Dismiss of defendant Aetna Life Insurance Company, which is treated as a Motion for Summary Judgment pursuant to Rule 12(b), is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: December 29, 2005                United States District Judge