UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 05-40064-FDS

_____
                                            )
Kelly Labranche Urella                      )
                                            )
    Plaintiff,                              )
                                            )
v.                                          )
                                            )
Verizon Employee Benefits Committee, et al. )
                                            )
    Defendants.                             )
_____)

STATEMENT OF METROPOLITAN LIFE INSURANCE COMPANY
REGARDING PRE-TRIAL MATTERS

Pursuant to Local Rule 16.1, the Defendant Metropolitan Life Insurance Company ("MetLife"), hereby files this Statement Regarding Pre-Trial Matters.[1] As a preliminary matter, MetLife states that this case involves the review of a disability benefit determination under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"). MetLife is the successor Plan Benefits Administrator to Aetna Life Insurance Company ("Aetna"), which was dismissed from the case on December 29, 2005. A limited claim file from Aetna has recently been produced to MetLife, without objection from plaintiff's counsel. MetLife is currently determining whether it has any files relating to the plaintiff, but has not yet found any.

---

[1] MetLife has been unable to make contact with plaintiff's counsel regarding this Statement.

1. <u>Proposed Discovery Plan and Schedule for Motions</u>

    MetLife proposes the schedule set forth below for consideration by the Court.

    a.  Motions to join additional parties and to amend the pleadings must be filed by February 28, 2006.

    b.  MetLife shall continue to make all diligent efforts to find any administrative claim file it has relating to the plaintiff. In the event it has any file relating to the plaintiff, MetLife shall deliver on or before March 20, 2006 to plaintiff a set of documents that defendant represents to be the administrative claim file (including diary notes), related correspondence, and certificate of insurance for the matter, with certain privileged documents redacted ("Claim File"). MetLife will also serve a Privilege Log with the Claim File.

    c.  If the plaintiff claims that any of the Claim File is incomplete or inaccurate in any way, she must notify the defendants' counsel in writing of the same by April 3, 2006. If the plaintiff does not provide such notice by April 3, 2006, then defendant shall file with the Court the Claim File served on plaintiff titled as "Agreed to Record for Judicial Review." If the plaintiff does provide such notice, then the parties must then confer in an attempt to ascertain an Agreed to Record for Judicial Review by April 17, 2006. If the parties come to an agreement, they are to immediately file an "Agreed To Record For Judicial Review." If the parties cannot agree on the record for judicial review, then the parties shall file with the Court by April 21, 2006, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the record for

        judicial review, the parties shall file memoranda concerning any additional material they seek to have added to the record for judicial review by April 21, 2006.  Parties opposing any such motion shall file any opposition by May 12, 2006, or twenty-one (21) days thereafter, which date is earlier.

    d.    If any party proposes that a party is entitled to any discovery in order to constitute or supplement the record for judicial review, the party must file with the Court a submission showing cause for the party's entitlement to such discovery.  The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received at trial and would be material to the disposition of this civil action.  Any requests for discovery must be filed by April 3, 2006.  Counsel to any party not proposing discovery shall have twenty-one (21) days after a party files a submission showing cause for a party's entitlement to such discovery, to file an opposition thereto.

    e.    The parties are not required to follow the disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

    f.    Summary Judgment Motions with accompanying memoranda must be filed by the later of:  (1) July 25, 2006 or (2) two (2) months after the Court determines what constitutes the record for judicial review, as supplemented, whichever is later.  Each party may file an opposition to the other party's motion for summary judgment twenty-one (21) days after service of the motion for summary judgment.

2.    MetLife does not consent to trial by magistrate judge.

3. MetLife is filing separately its Certificate(s) of Budget and ADR Conference.

4. MetLife proposes a trial date of January 29, 2007.

        Respectfully submitted,

        METROPOLITAN LIFE INSURANCE
        COMPANY OF AMERICA,
        By its attorneys,

        /s/ Constance M. McGrane
        James F. Kavanaugh, Jr. (BBO# 262360)
        Constance M. McGrane (BBO# 546745)
        CONN KAVANAUGH ROSENTHAL
         PEISCH & FORD, LLP
        Ten Post Office Square
        Boston, MA  02109
        (617) 482-8200

## CERTIFICATE OF SERVICE

I, Constance M. McGrane, hereby certify that a true copy of the above document was served upon counsel of record by filing the same electronically on January 27, 2006. A courtesy copy of the above document was also served upon counsel for the Plaintiff, John K. McGuire, Jr., McGuire & McGuire, 45 Linden Street, Worcester, MA 01609 by regular mail.

        /s/ Constance M. McGrane
        Constance M. McGrane

240326.2