UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Kelly Labranche Urella,**

    **Plaintiff,**

    v.                                  CIVIL ACTION
                                          NO. 05-40064-FDS

**Verizon Employee Benefits Committee, et al.,**

    **Defendant**s.

## SCHEDULING ORDER

**SAYLOR, J.**

    This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

    Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), it is hereby ORDERED that:

    a.    Motions to join additional parties and to amend the pleadings must be filed by   February 28, 2006  .

    b.    The defendants shall deliver on or before   March 20, 2006   to plaintiff a set of documents that defendants represent to be the administrative claim file (including diary notes), related correspondence, and certificate of insurance for the matter, with certain privileged documents redacted ("Claim File").  The defendants will also serve a Privilege Log with the Claim File.  If by March 20, 2006, MetLife has been unable, despite the exercise of reasonable diligence, to locate a Claim File relating to plaintiff, the parties agree that they will jointly file a stipulation of dismissal with prejudice as to MetLife.

    c.    If the plaintiff claims that any of the Claim File is incomplete or inaccurate in any way, she must notify the defendants' counsel in writing of the same by   April 3, 2006  .  If the plaintiff does not provide such notice by April 3, 2006, then defendant shall file with the Court the Claim File served on plaintiff titled as "Agreed to Record for Judicial Review."  If the plaintiff

       does provide such notice, then the parties must then confer in an attempt to ascertain an Agreed to Record for Judicial Review by __April 17, 2006__. If the parties come to an agreement, they are to immediately file an "Agreed To Record For Judicial Review." If the parties cannot agree on the record for judicial review, then the parties shall file with the Court by __April 21, 2006__, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the record for judicial review, the parties shall file memoranda concerning any additional material they seek to have added to the record for judicial review by __April 21, 2006__. Parties opposing any such motion shall file any opposition by <u>May 12, 2006, or 21 days thereafter, whichever date is earlier</u>.

    d.    If any party proposes that it is entitled to any discovery in order to constitute or supplement the record for judicial review, the party must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received at trial and would be material to the disposition of this civil action. Any requests for discovery must be filed by __April 3, 2006__. Counsel to any party not proposing discovery shall have __21 days__ after a party files a submission showing cause for a party's entitlement to such discovery, to file an opposition thereto.

    e.    The parties are not required to follow the disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

    f.    Summary Judgment Motions with accompanying memoranda must be filed <u>by the later of July 25, 2006 or two months after the Court determines what constitutes the record for judicial review</u>, as supplemented. Each party may file an opposition to the other party's motion for summary judgment __21 days__ after service of the motion for summary judgment.

### Procedural Provisions

**1.**     **Extension of Deadlines.**

    **a.**    **Deadlines.** The parties may extend any deadlines, other than the deadline for filing motions for summary judgment, for a combined total of up to 30 days by mutual written agreement filed with the court.

    **b.**    **Dispositive Motions and Pretrial Conference.** The parties may not extend the deadline for filing motions for summary judgment without leave of court. No extension of deadlines shall modify or affect the deadline for filing summary judgment motions unless the court expressly orders otherwise.

    **c.**    **Procedure for Seeking Extensions from Court.** Motions to extend or modify deadlines will be granted only for good cause shown. Good cause may be shown where discovery has been delayed or a deadline otherwise has been affected by the time taken by the court to consider a motion. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

**2.**    **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

**3.**    **Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

**4.**    **Early Resolution of Issues.** The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

By the Court,

    1/31/06                                                                       /s/ Martin Castles
      Date                                                                             Deputy Clerk