UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KELLY LABRANCHE URELLA,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON EMPLOYEE BENEFITS COMMITTEE, CHAIRPERSON OF THE VERIZON EMPLOYEE BENEFITS COMMITTEE, and VERIZON CLAIMS REVIEW COMMITTEE,<br><br>        Defendants. | Civil Action No. 05-40064FDS |

**DEFENDANTS' MOTION TO EXTEND THE DEADLINE
FOR FILING MOTIONS FOR SUMMARY JUDGMENT**

Defendants Verizon Employee Benefits Committee, Chairperson of the Verizon Employee Benefits Committee and Verizon Claims Review Committee (hereinafter collectively "Defendants") hereby move this Honorable Court for a sixty-day extension of the deadline for filing Motions for Summary Judgment (from July 25, 2006 to September 25, 2006). In support of their Motion, the Defendants state the following:

1. Plaintiff Kelly Labranche Urella has been an employee of Verizon since 1993. In 2002, when the Plaintiff was employed as an administrative assistant, she made a claim for Sickness Disability Benefits for the period of April 19, 2002 through June 18, 2002 (43 days). Plaintiff claimed that she was disabled during that time due to "stress." Plaintiff's claim for Sickness Disability Benefits was initially denied on or about April 26, 2002 because the Plaintiff's medical information did not substantiate her eligibility for benefits under the Verizon Sickness and Accident Disability Benefit Plan for New England Associates ("the Plan").

2. On or about June 19, 2002, the Plaintiff returned to work. On or about August 18, 2003, the Plaintiff was notified that the denial of her claim for Sickness Disability Benefits (final appeal) was upheld because Plaintiff failed to provide medical evidence substantiating her claim of total disability under the Plan. As a result, Plaintiff filed this ERISA claim against the Defendants[1] on or about April 15, 2005.

3. On or about January 31, 2006, the Court held a Scheduling Conference with the parties to establish a timetable for discovery and motion practice. To date, each of the deadlines set in the Court's January 31, 2006 Scheduling Order have been met by the parties. Defendants filed the Administrative Record without dispute or supplementation by the Plaintiff, and neither party has sought any discovery.

4. At the time of the Scheduling Conference, counsel for the Plaintiff, Paul Durkee, and counsel for the Defendants, Windy L. Rosebush, discussed the possibility of settling the Plaintiff's claims. Counsel for the Defendants invited a settlement demand from the Plaintiff, but she failed to make a demand following the Scheduling Conference.

5. Subsequently, Plaintiff's counsel, John K. McGuire, Jr., and Defendants' counsel, Windy L. Rosebush, again discussed the possibility of settlement and Mr. McGuire requested that the Defendants make an offer to the Plaintiff to resolve her claims.

6. On June 7, 2006, Ms. Rosebush contacted Mr. McGuire by telephone and made a settlement offer. Thereafter, Plaintiff's counsel failed to respond to the settlement offer. Therefore, Defendants' counsel contacted the Plaintiff again by telephone on June 21, 2006 and followed up by sending him a letter requesting a response to the settlement demand (Letter to John K. McGuire, Jr. dated June 21, 2006, attached hereto as **Exhibit A**).

---

[1] Claims against Defendants Aetna Life Insurance Company and Metropolitan Life Insurance Company have been dismissed.

7. No response has been forth coming despite the Defendants' June 21, 2006 correspondence and repeated telephone calls by Ms. Rosebush to Mr. McGuire's office on July 10, 2006 and July 18, 2006.

8. Given the limited amount in controversy, Defendants have made a good faith attempt to resolve this matter by way of settlement, but have not been able to secure a response from the Plaintiff's counsel. Drafting and filing a Motion for Summary Judgment at this time, before the possibility of settlement has been fully explored, is an inefficient use of the Defendants' resources, and is not in the interest of judicial efficiency.

9. Therefore, the Defendants request that the Court extend the deadline for filing Motions for Summary Judgment by sixty (60) days, or until September 25, 2006. Given summer schedules, this extension of time will provide the parties and their counsel sufficient time to explore settlement and allow the Defendants to file their Motion for Summary Judgment should this matter fail to settle before such time.

10. This is a first request for an extension of the deadline for filing Motions for Summary Judgment, and is not made to interpose delay or prejudice any party. Because Plaintiff's counsel has not returned Defendants' counsel's calls, the Defendants have been unable to confer with Plaintiff's counsel regarding this Motion.

VERIZON EMPLOYEE BENEFITS COMMITTEE, CHAIRPERSON OF THE VERIZON EMPLOYEE BENEFITS COMMITTEE, AND VERIZON CLAIMS REVIEW COMMITTEE

By their attorneys,

/s/ Windy L. Rosebush
Timothy P. Van Dyck (BBO #548347)
Windy L. Rosebush (BBO #636962)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4420

## CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that a true copy of the foregoing Motion was served upon counsel of record by filing the same electronically on July 19, 2006. A courtesy copy of the above document was also served upon John K. McGuire, Jr., McGuire & McGuire, 45 Linden Street, Worcester, MA 01609, by facsimile on July 19, 2006.

/s/ Windy L. Rosebush
Windy L. Rosebush

# EDWARDS ANGELL PALMER & DODGE LLP

111 Huntington Avenue   Boston, MA 02199   617.239.0100   *fax* 617.227.4420   eapdlaw.com

Windy L. Rosebush
617.951.2277
*fax* 888.325.9562
wrosebush@eapdlaw.com

June 21, 2006

**FOR SETTLEMENT PURPOSES ONLY**

John K. McGuire, Jr., Esq.
McGuire & McGuire
45 Linden Street
Worcester, MA 01609

      Re:   **Kelly Labranche Urella v. Verizon Employee Benefits Committee, et al.**
             USDC Civil Action No. 05-40064-FDS

Dear Attorney McGuire:

It was my understanding that the Plaintiff was interested in resolving this matter by way of settlement. However, I have not heard from you in response to our settlement offer. Please contact me at your earliest convenience to discuss the same. Otherwise, we intend to file a Motion for Summary Judgment. Once Verizon incurs costs to prepare the Motion for Summary Judgment shortly, the opportunity for settlement discussions will be foreclosed.

I look forward to hearing from you.

Very truly yours,

*[signature]*

Windy L. Rosebush

WLR

cc:   Lorraine Grande, Esq.
       Timothy P. Van Dyck, Esq.

BOS_542358_1.DOC/WROSEBUSH

BOSTON | FT. LAUDERDALE | HARTFORD | NEW YORK | PROVIDENCE | SHORT HILLS | STAMFORD | WEST PALM BEACH | WILMINGTON | LONDON